<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LUIS DANIEL VAZQUEZ, | Civil Action No. 19-13631 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Luis Daniel Vazquez ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Cɪᴠ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning January 13, 2015. A hearing was held before ALJ Marguerite Toland (the "ALJ") on April 3, 2018, and the ALJ issued an unfavorable decision on July 3, 2018, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of July 3, 2018, the ALJ found that, at step three, Plaintiff did not meet or

equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that succeeds: the ALJ erred in finding that Plaintiff is able to communicate in English.

Plaintiff points to the fact that, at step five, the ALJ determined that Plaintiff is able to communicate in English, without stating any evidence. (Tr. 50.) Plaintiff contends that this is incorrect, and obviously so, since Plaintiff both requested and used the services of an English/Spanish translator at the hearing. Plaintiff argues that this error makes the step five determination incorrect.

The Commissioner, in opposition, does not dispute the error, but argues that it is harmless. What follows is the Commissioner's argument on this point in its entirety:

> Regardless of whether Plaintiff can communicate in English, he is not disabled, as the ALJ found. Plaintiff's vocational profile directs a finding of "not disabled" under the Medical-Vocational Guidelines (Grids) even if he is considered illiterate or unable to communicate in English. 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.16. Further, the VE testified that an individual with "limited use of English" could perform the jobs he identified (Tr. 82). Thus, any error with respect to Plaintiff's ability to speak English is harmless because the ALJ's decision finding Plaintiff not disabled would not change. *See Rutherford*, 339 F.3d at 552 (finding remand is not appropriate if the evidence does not affect the outcome).

2

(Def.'s Opp. Br. 6.)   The Commissioner thus offers two arguments to persuade that the error was harmless.   The first argument is: "Plaintiff's vocational profile directs a finding of "not disabled" under the Medical-Vocational Guidelines (Grids) even if he is considered illiterate or unable to communicate in English."   (Id.)   In support, the Commissioner cited to Medical-Vocational Rule 202.16.   The Court need not determine the correctness of the Commissioner's statement here because the Commissioner cannot win with it.   If the Commissioner is correct, then the ALJ erred, because the ALJ wrote in the decision:

> If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.18. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations.

(Tr. 51.)   The ALJ determined that the Medical-Vocational Guidelines could not be used in this case, because Plaintiff lacked the residual functional capacity to perform the full range of light work.   The Commissioner now contends that the language-speaking error was harmless because the Medical-Vocational Guidelines direct a finding of not disabled even if Plaintiff is considered to be unable to communicate in English.   If the Commissioner is correct in arguing that the Medical-Vocational Guidelines apply in this case, then the ALJ erred in determining that the Medical-Vocational Guidelines did not apply in this case.   If the Commissioner is incorrect now, then the argument fails also.   This argument does not support a finding of harmless error.

Nor does the Commissioner's second argument succeed: "Further, the VE testified that an individual with 'limited use of English' could perform the jobs he identified (Tr. 82)." (Def.'s Opp. Br. 6.)   The Commissioner's report of the VE's testimony is not entirely wrong but nonetheless incorrect.   The exchange at issue is the following:

> Q OK, thank you. Mr. Vazquez, so we have talked a few minutes ago about, uhm,

3

> do you understand a little bit of English?
>
> CLMT: A few things, yes.
>
> Q OK, now Mr. Nassar, if the person understands English but just has limited use of English, could they still perform these jobs?
>
> A Yes, your honor.

(Tr. 82.) The transcript shows that the Commissioner's description of the testimony is not accurate. The VE did not, in fact, testify that "an individual with 'limited use of English' could perform the jobs he identified." (Def.'s Opp. Br. 6.) Rather, the VE said that a person who "understands English but just has limited use of English" – whatever that means – could perform the jobs he identified. The Court need not figure out what "understands English but just has limited use of English" means, because it is clear that the hearing transcript does not support the Commissioner's characterization of the testimony. There is no evidence of record – nor does the Commissioner contend that there is any – that Plaintiff "understands English but just has limited use of English." Plaintiff said no more than that he understood a few things, which is a far cry from an admission that he generally understands English. This second argument does not persuade the Court that the ALJ's error was harmless. If anything, the testimony suggests that the claimant's level of English proficiency, or lack thereof, may have a material impact on the availability of jobs he can perform.

Plaintiff then builds on this argument, contending that, therefore, the hypothetical presented to the VE was inadequate under Third Circuit law. Plaintiff is correct. In <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 553 (3rd Cir. 2005) (citations omitted), the Third Circuit stated the following requirement for hypothetical questions to vocational experts:

4

> [T]he directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." […] Fairly understood, such references to all impairments encompass only those that are medically established. And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's credibly established limitations.

Plaintiff contends that the language element of the hypothetical did not "accurately convey to the vocational expert all of [the] claimant's credibly established limitations." Id.  In response, the Commissioner argues, again, that, even so, this is harmless error.

Clearly, the second hypothetical presented to the ALJ – the one that stated that Plaintiff "understands English but just has limited use of English" – cannot pass muster under Rutherford. The language element of the hypothetical failed to "accurately convey" to the vocational expert Plaintiff's language limitations.  The Commissioner does not contend that "understands English but just has limited use of English" accurately conveys Plaintiff's ability to communicate in English.

The Commissioner argues that, nonetheless, this error is harmless.  For the reasons already stated, this Court disagrees.  The ALJ presented an erroneous and legally insufficient hypothetical to the VE.  The Court finds that, as a result, the VE's testimony does not constitute substantial evidence, and the ALJ's step five determination is not supported by substantial evidence.  This cannot be harmless error, because the Commissioner bears the burden of proof at step five.  20 C.F.R. § 404.156(c)(2) ("In order to support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do.")  The Commissioner failed to meet the burden of proof at step five.  The Commissioner's failure to meet the burden of proof at step five cannot be a harmless error.

5

For these reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence.   The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                              s/ Stanley R. Chesler  
                                               STANLEY R. CHESLER, U.S.D.J.

Dated: June 24, 2020